FORET, Judge,
dissenting.
I respectfully dissent from the majority’s affirmation of the trial court judgment, which dismissed plaintiff’s suit. I disagree with the majority for several reasons. Firstly, I disagree that we should follow the Tranchina case relied on by the defendants. The court in Tranchina (Orl. App.1929) even went so far as to make a completely outlandish implication that to hold the recorder of mortgages responsible for the error of some deputy clerk would be “to extend the responsibility of the recorder of mortgages beyond all reasonable limits.” Nothing could be further from the truth, and from the law. It is axiomatic that if a deputy clerk negligently makes an error to the detriment of a third party, the clerk of court, that deputy clerk’s employer, is certainly liable in solido with his deputy for the damages sustained by the third party as a result thereof.
Now, let’s consider the "result thereof” as applied to this case. I believe that the majority is wrong when it says that for the plaintiff to stop payment on its check to pay off the pre-existing mortgage would be a breach of contract with its customer. It was to the best interest of all parties (except to the judgment creditor, who suddenly stepped into a windfall) to know of the judgments prior to completion of the transaction. Further, I have serious doubts about the observation indulged in by the majority that plaintiff had the burden of making sure that there were no judgments burdening the property involved. It seems to me that the borrower had a parallel duty to satisfy himself that there were no judgments affecting the property.
It is apparent that the lender made an effort to determine if there were judgments, and none being shown of record from a preliminary record check and presumably a record check prior to completion of the loan still revealing no other encumbrances, it becomes somewhat apparent to me that these judgments were not indexed until sometime after the final certificate of the clerk’s office. Therefore, the plaintiff could have checked all it wanted to prior to the loan closure and would never have found the judgments indexed in the mortgage records. This was an unfortunate error by the employees of the clerk of *1157 court’s office which caused the plaintiff damages, and the clerk and/or his insurer should be held liable therefor.
At the very least, the issues presented, in my opinion, involve issues of material fact which are best resolved at trial on the merits. For example, would the plaintiff ever have made this loan had it known of the judgments? No doubt the reply here would be in the negative. Further, were the judgments indexed in the mortgage records prior to the date of the final certificate of mortgage, and if not, why not?
There is too much reliance placed by the majority and the defendant in the fact that Lafayette Building Ass’n. issued its check prior to the issuance of the final certificate of mortgage. The certificate of mortgage itself is an indicia by the recorder of mortgages that no mortgage exists in its records other than, let’s say, the judgment in favor of the interested mortgage holder, in the name of the property owner so indicated. The certificate of mortgage itself is hearsay. The real evidence of the existence of mortgages are the mortgage records themselves, including the all-important indices to these records. If the judgments which are filed in the office of the recorder of mortgages are indexed daily into the mortgage records, and a particular deputy clerk is designated from whom interested lenders and/or their attorneys can check to see if a judgment has come in within the last hours or minutes and not yet indexed, then there is really no need for a certificate of mortgage as far as the relationships of the parties are affected. The negligence arises not necessarily in a mistake in the certificate of mortgage itself, but in the failure to properly and timely, in other words, at least daily, index judgments or other mortgages in the mortgage indices. So, in my view, the negligence of the clerk’s office, in this case, occurred prior to, and continued through the issuance of the certificate of mortgage. Whether or not that negligence arose from a failure to properly and timely index the judgments and other mortgages is a serious question of fact in this case which can properly be resolved only by trial on the merits.
I fully realize that the office of the Clerk of Court in Lafayette Parish has many employees, and it is inevitable that errors can occur. It is a tribute to the clerks of court and recorders of mortgages of this State that the Tranchina case relied on by the majority was rendered in 1929. It is obvious that the clerks of court of this State do an admirable job. However, we can all make mistakes, and if our mistake is negligently made, then we are responsible for the damages sustained by third parties who are relying upon us in the performance of our official duties. This is particularly true in the offices of the recorders of mortgages and conveyances. It is absolutely essential that these records be 100% accurate. The public records doctrine demands no less. The wheels of commerce in this country would quickly come to a grinding halt if we were unable to place our total faith on the accuracy of the public records insofar as the recordation of mortgages, judgments, and conveyances are concerned.
For the foregoing reasons, I respectfully dissent.